IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

V.

CHOAT SOVIRAVONG

1:19CR-00146

MOTION TO SUPPRESS SEIZED ELECTRONIC EQUIPMENT AND EMAILS

Comes now Defendant, by and through counsel, and moves to suppress evidence, including Defendant's computer, tor the reasons enumerated below:

1.

In 2013 and 2014, the Government obtained two search warrants relevant to this matter. The first warrant was addressed to AOL, (Exhibit B) and the second search warrant (Exhibit C) was addressed to Yahoo for information related to the email account of defendant Choat, i.e. csdesign22@yahoo.com. This warrant issued on October 23, 2014. Information alleged in the second warrant appears at least in part to come from what as revealed in the first warrant.

2.

On or about October 4, 2017, Government agents raided the premises of Hi=Tech pharmaceuticals. As that time computers and hard drives were seized by Government agents. These included a computer with the Defendant's email communications between the Defendant, allegedly co-defendant Mr. Wheat, and others.

3.

Defendant avers that the AOL warrant was unsupported by probable cause, and did not contain facts that would be Germaine to what was being alleged against Hi-Tech, the corporate entity the subject of that warrant.

4.

Defendant Choat avers these warrants were overbroad and did not specify with sufficient particularity what it was the government was looking for. See for example United States v. Roche, 614 F. 2d 6 (1st Cir. 1980) Not only were the warrants overbroad, but they were based on stale information. For example, the Yahoo warrant was based on emails that appear to be three years old, See United States v. Wagner, 989 F.2d 69 (2d. Cir. 1990). Also see United States v. Harris, 20 F.3d. 445 (11th Cir. 1994) (probable cause must be timely).

5.

Defendant also objects to the warrant(s) executed at Hi-Tech on October 4, 2017 for many of the same reasons enumerated above. (See Exhibit A)

Again the warrants were non specific, overbroad, and lacking in probable cause. The materials seized (essentially every hard drive and computer in the business) was seized.

The Governments requests, particularly as to Mr. Soviravong, were overbroad and unspecific, including any and all personal correspondence contained within the emails. WHEREFORE, Defendant requests that a hearing be held and that this material be suppressed.

S/Robert H. Citronberg

_____

Robert H. Citronberg
Attorney for Defendant
State Bar No. 126275

Suite 4100
303 Peachtree St.,
Atlanta, Ga. 30308
(404) 522-7450
rcitronberg@gmail.com

CERTIFICATE OF SERVICE

        Comes now the undersigned and states that he has served this document by electronic delivery on
Mr. Nathan Kitchens
Assistant Untied States Attorney
United States attorneys Office
75 Spring Street, SW
Atlanta, Ga

on September 4, 2019

                                                                                S/Robert H. Citronberg
                                                                                _____
                                                                                Robert H. Citronberg
                                                                                Attorney for Defendant
                                                                                State Bar No. 126275

Suite 4100
303 Peachtree St.,
Atlanta, Ga. 30308
678-986-3833