# EXHIBIT B

**DUPLICATE**

# United States District Court

## NORTHERN DISTRICT OF GEORGIA

In the Matter of the Search of

(Name, address or brief description of person or property to be search)

**APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT**

CASE NUMBER: 1:13-MJ-676
**UNDER SEAL**

IN THE MATTER OF THE SEARCH OF
INFORMATION ASSOCIATED WITH
HTPHARMAC@AOL.COM
THAT IS STORED AT PREMISES CONTROLLED BY
AOL, LLC

I, Brian Kriplean, being duly sworn depose and say:

I am a Special Agent of the Food and Drug Administration Office of Criminal Investigations and have reason to believe that on the property or premises known as

See Attachment A

there is now concealed a certain person or property, namely,

See Attachment B

which constitutes evidence of the commission of a criminal offense and property which has been used as the means of committing a criminal offense, concerning violations of Title 18, United States Code, Sections 371 (conspiracy), 1001 (false statements), 1341 (mail fraud), 1343 (wire fraud), and other federal offenses over which the United States District Court for the Northern District of Georgia has jurisdiction. The facts to support a finding of Probable Cause are as follows:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof.   (X) Yes ( ) No

Signature of Affiant
Brian Kriplean

Sworn to before me, and subscribed in my presence

May 17, 2013
Date

at   Atlanta, Georgia
City and State

Linda T. Walker
United States Magistrate Judge
Name and Title of Judicial Officer

Signature of Judicial Officer

AUSA Steven D. Grimberg
(2011R01286)

## AFFIDAVIT

I, Brian Kriplean, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for information associated with a certain account that is stored at premises owned, maintained, controlled, or operated by AOL, LLC, an e-mail provider headquartered at 22000 AOL Way, Dulles, Virginia, 20166. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require AOL, LLC to disclose to the government records and other information in its possession pertaining to the subscribers or customers associated with the account, including the contents of communications.

2. I currently am employed as a Special Agent ("SA") with the Food and Drug Administration Office of Criminal Investigations ("FDA-OCI") Nashville Domicile Office, and have been employed by the FDA-OCI since September 2007. Prior to being employed by the FDA-OCI as a Special Agent, I was employed as a Special Agent with the Internal Revenue Service. I am a graduate of the Federal Law Enforcement Training Center in Glynco, Georgia. At this training center, I underwent a six month training program that addressed investigation techniques and other matters. I have been trained to conduct criminal investigations, particularly with respect to locating and acquiring evidence of criminal activity. I have been the affiant for numerous search warrant applications and have personally led criminal investigations leading to the convictions of many individuals. Some of these investigations have involved individuals

who have communicated through the use of e-mail messages and these e-mail messages have been important evidence in the prosecutions of these individuals.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on my training and experience and the facts set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, Sections 1001 (false statements), 371 (conspiracy), 1341 (mail fraud) and 1343 (wire fraud) have been committed by Jared Wheat and other co-conspirators. There is also probable cause to search the information described in Attachment A for evidence of these crimes, as described in Attachment B.

## PROBABLE CAUSE

Background

5. Hi-Tech Pharmaceuticals, Inc. ("Hi-Tech") is a domestic corporation registered with the Georgia Secretary of State Corporations Division. According to records filed with the Georgia Secretary of State, Jared Wheat is the sole officer of Hi-Tech. The principal address of Hi-Tech is located in Norcross, Georgia. Hi-Tech manufactures dietary supplements under the Hi-Tech brand name as well as private label names.

6.      On January 30, 2013, I met with Sergio Oliveira, former Director of Sales for Hi-Tech owned by Jared Wheat.[1] According to Oliveira, Oliveira was fired from Hi-Tech as a result of ongoing dissension between Wheat and Oliveira over Wheat's business practices. Oliveira discussed with me his personal knowledge of alleged criminal activity being perpetrated by Jared Wheat and Hi-Tech. In April 2013, in response to a grand jury subpoena, Oliveira provided me with documents, including email communications, from the years 2010 through 2012, involving Wheat and others. The email attributed to Jared Wheat is HTPharmac@aol.com.

False Good Manufacturing Practice Certification

7.      On or about September 22, 2011, an email was sent from Brandon Schopp, an employee of Hi-Tech, to Sergio Olivera at Sergio@hi-tech-online-store.com. The email contained an attachment of a purported Good Manufacturing Practice ("GMP") certificate issued by a purported company called "Pharmatech" to Hi-Tech dated December 3, 2010. GMP certificates demonstrate a dietary supplement manufacturer's compliance with "Good Manufacturing Practices" pursuant to Title 21, Code of Federal Regulations, Section 111.

8.      The purported certificate attached to the above-described email bears Certificate Number PT-12310, and indicates that Hi-Tech had been evaluated by "PharmaTech" and found to be in compliance with GMP Requirements. The purported certificate bears a signature and printed name of "Glen Godfrey", and bears the title "General Manager, Dietary Supplements". The bottom of the certificate states "Please Note: This certification was conducted under

---

[1] Sergio Olivera was convicted of conspiracy to commit mail and wire fraud and to introduce and deliver unapproved new and adulterated drugs into interstate commerce on February 2, 2009. He also has previous drug convictions.

3

PharmaTech cGMP Standard for Dietary Supplements which incorporate the FDA final cGMP rule [CFR 111]."

9.  I have conducted an online query concerning "PharmaTech" and found no company by that name that claims to engage in GMP certifications.

10.  On or about October 14, 2011, an email was sent from **htpharmac@aol.com** to Sergio Olivera at Sergio@hi-tech-online-store.com with a subject line of "gmp" and an attached document with a file name of "GMP registr…xlsl(44KB)". According to Olivera, this email was sent to him from Jared Wheat. According to Oliveira, the file attached to the email is a false GMP audit report provided to Oliveira by Wheat. I have reviewed the purported audit report. The audit report lists "Glenn Godfrey" as the PharmaTech Auditor. I observed that the printed name "Glen Godfrey" on the GMP certificate described in paragraph 8 above has a different spelling than the name "Glenn Godfrey" on the GMP audit report described in this paragraph (one "n" versus two "n's"). The audit report lists Mr. Tomasz Holda as the facility and audit contact, and Mr. Brandon Schopp as the corporate contact for Hi-Tech.

11.  Based upon information I have obtained throughout this investigation and from previous investigations, I know of an individual named Glenn Godfrey who was previously affiliated with Jared Wheat and a pharmaceutical manufacturing facility located in Belize. According to internet searches, Godfrey is presently practicing law in Belize. I have no reason to believe that Godfrey works as a GMP auditor.

12.  On or about January 13, 2011, an email was sent from **htpharmac@aol.com** to Sergio Olivera at Sergio@hi-tech-online-store.com with a subject line of "new article". The

4

body of the email states "please pencil whip...I will get Choat on graphics for this one as we did a similar article a few editions ago. J." Based on my investigation and discussion with Sergio Olivera, I believe this email from Jared Wheat is making reference to the creation of a false GMP certificate by a Hi-Tech employee.

13.   I have also received evidence that Jared Wheat and Hi-Tech have marketed Hi-Tech's purported GMP certification. For example, Oliveira provided me with a letter addressed "Dear Valued Retailer:" which states in part, "The Hi-Tech Contract Manufacturing (HTM) Division is housed within our own state-of-the-art, **GMP-certified** manufacturing facility and operates around the clock to produce products for the HTP brand and for countless other supplement brands." (Emphasis supplied.) The letter's salutation lists "Jared Wheat CEO Hi-Tech Pharmaceuticals, Inc."

14.   Oliveira also provided me with what appears to be a press release dated December 1, 2010. The press release states in part, "Hi-Tech Pharmaceuticals, Inc. (Hi-Tech), one of the world's largest independent pharmaceutical companies specializing in cutting edge nutraceuticals, celebrates today the expansion of their new facility at 6015 Unity Drive Norcross, Georgia. The new location is a 67,230 square foot, state-of-the-art, and **100% GMP certified** facility that exceeds the new guideline, as set forth by the FDA for dietary supplement current Good Manufacturing Practice (cGMP), which must be implemented by Hi-Tech and other manufacturers of dietary supplements by the summer of 2010." (Emphasis supplied.)

15.   On or about August 15, 2011, an email was sent from **htpharmac@aol.com** to Sergio Olivera at Sergio@hi-tech-online-store.com. According to Sergio Olivera, the email was sent to him from Jared Wheat. The email discusses disappointment in Olivera for his criticism of

5

Wheat's decision-making concerning Hi-Tech. The salutation of the email states in part, "Thanks, Jared Wheat President Hi-Tech Pharmaceuticals, Inc."

16. A preservation request, dated May 1, 2013, was sent to AOL, LLC, requesting the e-mail activity for the e-mail account htpharmac@aol.com be preserved.

## AOL, LLC

17. In my training and experience, I have learned that AOL, LLC provides a variety of on-line services, including electronic mail ("e-mail") access, to the general public. Subscribers obtain an account by registering with AOL, LLC. During the registration process, AOL, LLC asks subscribers to provide basic personal information. Therefore, the computers of AOL, LLC are likely to contain stored electronic communications (including retrieved and un-retrieved e-mail for AOL, LLC subscribers) and information concerning subscribers and their use of AOL, LLC services, such as account access information, e-mail transaction information, and account application information.

18. In general, an e-mail that is sent to an AOL, LLC subscriber is stored in the subscriber's "mail box" on AOL, LLC servers until the subscriber deletes the e-mail. If the subscriber does not delete the message, the message can remain on AOL, LLC servers indefinitely.

19. When the subscriber sends an e-mail, it is initiated at the user's computer, transferred via the Internet to AOL, LLC's servers, and then transmitted to its end destination. AOL, LLC often saves a copy of the e-mail sent. Unless the sender of the e-mail specifically deletes the e-mail from the AOL, LLC server, the e-mail can remain on the system indefinitely

20. A sent or received e-mail typically includes the content of the message, source and destination addresses, the date and time at which the e-mail was sent, and the size and length of the e-mail. If an e-mail user writes a draft message but does not send it, that message may also be saved by AOL, LLC but may not include all of these categories of data.

21. An AOL, LLC subscriber can also store files, including e-mails, address books, contact or buddy lists, pictures, and other files, on servers maintained and/or owned by AOL, LLC.

22. Subscribers to AOL, LLC might not store on their home or business computers copies of the e-mails stored in their AOL, LLC account. This is particularly true when they access their AOL, LLC account through the web, or if they do not wish to maintain particular e-mails or files in their residence or business.

23. In general, e-mail providers like AOL, LLC ask each of its subscribers to provide certain personal identifying information when registering for an e-mail account. This information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative e-mail addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number).

24. E-mail providers typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of log-in (i.e., session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account

via AOL, LLC's website), and other log files that reflect usage of the account. In addition, e-mail providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the e-mail account.

25. In some cases, e-mail account users will communicate directly with an e-mail service provider about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users. E-mail providers typically retain records about such communications, including records of contacts between the user and the provider's support services, as well as records of any actions taken by the provider or user as a result of the communications.

26. In my training and experience, evidence of who was using an e-mail account may be found in address books, contact or buddy lists, e-mails in the account, and attachments to e-mails, including pictures and files.

## INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

27. I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require AOL, LLC to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

8

## **CONCLUSION**

28. Based on the foregoing, I request that the Court issue the proposed warrant.

29. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is "a district court of the United States… that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

30. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with the e-mail account utilizing the e-mail address: **htpharmac@aol.com** that is stored at premises owned, maintained, controlled, or operated by AOL, LLC, a company headquartered at 22000 AOL Way, Dulles, Virginia 20166.

## ATTACHMENT B

**I.      Information to be disclosed by AOL, LLC**

To the extent that the information described in Attachment A is within the possession, custody, or control of AOL, LLC, including any emails, records, files, logs, or information that have been deleted but are still available to AOL, LLC, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), AOL, LLC is required to disclose the following information to the Government for each account or identifier listed in Attachment A:

a.      The contents of all e-mails stored in the account, including copies of e-mails sent from the account;

b.      All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the types of service utilized, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

c.      All records or other information stored by an individual using the account, including address books, contact and buddy lists, pictures, and files;

d.      All records pertaining to communications between AOL, LLC and any person regarding the account, including contacts with support services and records of actions taken.

**II.     Information to be seized by the government**

All information described above in Section I that constitutes fruits, evidence and instrumentalities of false statements, mail fraud, wire fraud, and conspiracy to commit any of the foregoing, including but not limited to the following matters:

a.     Representations regarding audit reports, certifications (including GMP certifications), and any other representations concerning Hi-Tech's compliance with FDA rules and regulations.

b.     Records relating to who created, used, or communicated with the account or identifier, including records about their identities and whereabouts.

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by AOL, LLC, and my official title is _____. I am a custodian of records for AOL, LLC. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of AOL, LLC, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

    a.    all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

    b.    such records were kept in the ordinary course of a regularly conducted business activity of AOL, LLC; and

    c.    such records were made by AOL, LLC as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____  _____
Date                                             Signature